IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2936 <br><br> Master Case No. 4:20-MD-02936-SRB |
| This document relates to: <br> All Class Actions | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

WHEREAS, by order dated October 3, 2024, this Court granted preliminary approval of the proposed Class Action Settlement Agreement and Release with accompanying exhibits between Plaintiffs and Manufacturer Defendants (collectively referred to as "Manufacturer Settlement Agreement" or "Settlement") in the above-captioned action (the "Action").

WHEREAS, the Court also provisionally certified a Manufacturer Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Final Fairness Hearing to take place on March 26, 2025. On that date, the Court held the duly noticed Final Fairness Hearing to consider: (1) whether the terms and conditions of the Manufacturer Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing with prejudice the claims of Plaintiffs and Manufacturer Settlement Class Members against Manufacturer Defendants, as set forth in the Corrected Fifth Amended Consolidated Complaint; and (3) Class Counsel's motion for approval of attorney's fees, expenses, and Class Representative incentive awards.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and first concludes that notice substantially in the form approved by the Court was given in the manner that the Court ordered, with only one opt out and no objections filed.

1

WHEREAS, the Settlement was the result of extensive arms-length negotiations between counsel for Plaintiffs, on the one hand, and counsel for Manufacturer Defendants, on the other hand, including, but not limited to, extensive mediation efforts.  Counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in the Action.  The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the Parties, and the factual record compiled, suffices to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement.

WHEREAS, the Court has determined that the proposed Settlement of the claims of the Manufacturer Settlement Class Members against Manufacturer Defendants, as well as the Release of Manufacturer Defendants and the Released Parties, the significant benefits provided to the Manufacturer Settlement Class Members as described in the Manufacturer Settlement Agreement, and the award of attorneys' fees and expenses requested, and the incentive awards requested, are fair, reasonable, and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Manufacturer Settlement Agreement, including the exhibits thereto, is expressly incorporated by reference into this Order ("Final Approval Order") and made a part hereof for all purposes.  Except where otherwise noted, all capitalized terms used in this Final Approval Order shall have the meanings set forth in the Manufacturer Settlement Agreement.

2. The Court has personal jurisdiction over Manufacturer Defendants and all Manufacturer Settlement Class Members for purposes of settlement, and has subject-matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Manufacturer Settlement Class for purposes of settlement, to settle and release all claims arising out of the transactions alleged in Plaintiffs'

Corrected Fifth Amended Consolidated Complaint in the Action, and to dismiss Manufacturer Defendants from the Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the occurrence of the Effective Date, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes, in that: (a) the number of Manufacturer Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Manufacturer Settlement Class for purposes of settlement; (c) the claims of Plaintiffs are typical of the claims of the Manufacturer Settlement Class they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Manufacturer Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Manufacturer Settlement Class Members predominate over any questions affecting any individual Manufacturer Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because Plaintiffs and Manufacturer Defendants are settling rather than litigating, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors: (i) the interests of the Manufacturer Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Action for settlement purposes as a class action on behalf of:

(a) all persons and other entities who purchased Super S Super Trac 303 Tractor Hydraulic Fluid, Super S 303 Tractor Hydraulic Fluid, CAM2 Promax 303 Tractor Hydraulic Oil, and/or CAM2 303 Tractor Hydraulic Oil in the United States and its territories, other than Missouri, at any point in time from December 1, 2013 to present, excluding any persons and/or entities who purchased for resale; and,

(b) all persons and other entities who purchased Super S 303 Tractor Hydraulic Fluid, CAM2 ProMax 303 Tractor Hydraulic Oil, and/or CAM2 303 Tractor Hydraulic Oil in Missouri at any point in time from December 1, 2013 to present, excluding any persons and/or entities who purchased for resale.

The Manufacturer Settlement Class also excludes Manufacturer Defendants, including their immediate family members, as well as the MDL judicial officers assigned to this litigation and their immediate family and staff members.

5. The Court confirms its prior appointment of Tom Bender and Dirk Hubbard from the law firm Horn Aylward & Bandy, LLC in Kansas City, Missouri; Bryan White, Gene Graham, and Bill Carr from the law firm White, Graham, Buckley & Carr, L.L.C. in Independence, Missouri; Clayton Jones of the Clayton Jones Law Firm in Raymore, Missouri; Don Downing and Gretchen Garrison of Gray Ritter Graham in St. Louis, Missouri; Patricia Campbell of Wagstaff & Cartmell in Kansas City, Missouri; Athena Dickson of the Siro Smith Dickson Law Firm in Kansas City, Missouri; Jon Robinson and Zachary Anderson from the law firm Bolen Robinson &

Ellis, LLP in Decatur, Illinois; John Emerson of the Emerson Firm, PLLC in Little Rock, Arkansas; Mark Bryant from the law firm Bryant Law Center, P.S.C. in Paducah, Kentucky; Christopher Jennings of Jennings PLLC in Little Rock, Arkansas; Stephen Basser and Sam Ward from the law firm Barrack, Rodos & Bacine in San Diego, California; Paul Lundberg of the Lundberg Law Firm, P.L.C. in Sioux City, Iowa; James Malters of the law firm Malters, Shepherd & Von Holtum in Worthington, Minnesota; and Travis Griffith from the law firm Griffith Law Center, PLLC in Charleston, West Virginia as counsel for the Manufacturer Settlement Class ("Class Counsel"). The Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel. The Court designates Plaintiffs set forth on Appendix A to the Manufacturer Settlement Agreement as the representatives of the Manufacturer Settlement Class. The Court finds that Plaintiffs and Class Counsel have fully and adequately represented the Manufacturer Settlement Class for purposes of entering into and implementing the Manufacturer Settlement Agreement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure. The Court confirms its appointment of each of the Persons listed on Appendix A to the Manufacturer Settlement Agreement as Class Representatives.

6. The Court finds that the notice provided to the Manufacturer Settlement Class Members is in accordance with the terms of the Manufacturer Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the submissions filed before the Final Fairness Hearing:

(a) constituted the best practicable notice to the Manufacturer Settlement Class Members under the circumstances of the Action;

(b) was reasonably calculated, under the circumstances, to apprise the Manufacturer Settlement Class Members of (i) the pendency of the Action, (ii) their right to

exclude themselves from the Manufacturer Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the Manufacturer Settlement Agreement (including final certification of the Manufacturer Settlement Class for purposes of settlement, the fairness, reasonableness, or adequacy of the Settlement, the adequacy of Class Counsel and Plaintiffs' representation of the Manufacturer Settlement Class, and the award of attorneys' fees, costs, and incentive awards), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the Final Approval Order and any related orders, whether favorable or unfavorable, on all Persons who do not validly and timely request exclusion from the Manufacturer Settlement Class;

  (c) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

  (d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

  7. The terms and provisions of the Manufacturer Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, Plaintiffs and the Manufacturer Class Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Manufacturer Settlement Agreement is fair, adequate, and reasonable based on the following factors, among other things:

(a) There is no fraud or collusion underlying this Settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.

(b) The complexity, expense and likely duration of the litigation favor settlement on behalf of the Manufacturer Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favors final approval.

8. The Settlement provides meaningful relief to the Manufacturer Settlement Class, including the monetary relief as set forth in the Plan of Allocation which is expressly approved by the Court, and falls within the range of possible recoveries by the Manufacturer Settlement Class.

9. The parties are directed to consummate the Manufacturer Settlement Agreement in accordance with its terms and conditions. The Court hereby declares that the Manufacturer Settlement Agreement is binding on all Parties and Manufacturer Class Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

10. As described more fully in the Manufacturer Settlement Agreement, Manufacturer Defendants have agreed to a Manufacturer Class Settlement Fund from which the Settlement Administrator will pay each Qualified Manufacturer Settlement Class Member an amount based on the Plan of Allocation, which considers each member's total purchases and other damage claims during the Class Period. Within 60 days of the date of this Order, Class Counsel will provide the Court a Status Update on the claims review process.

Case 4:20-cv-00674-SRB    Document 22    Filed 03/27/25    Page 7 of 12

11. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees in the amount of $12,067,512.98 and expenses of $1,731,217.55. The Court also awards incentive awards of (i) $4,500 to each Class Representative set forth on Appendix A to the Manufacturer Settlement Agreement who provided deposition testimony and (ii) $3,000 to each Class Representative set forth on Appendix A to the Manufacturer Settlement Agreement who provided discovery responses but not deposition testimony, all for their time and efforts in serving as Class Representatives. The attorneys' fees are based on a percentage of the gross Manufacturer Settlement Class Fund, as well as on the amount of time Class Counsel reasonably expended working on the Action. The attorneys' fees, expenses, and incentive awards are to be paid out of the Manufacturer Settlement Class Fund. The Settlement Administrator shall pay such attorneys' fees and expenses and Class Representative's incentive awards according to the schedule, and in the manner, described in the Manufacturer Settlement Agreement. Such payment will be in lieu of statutory fees Plaintiffs and their attorneys might otherwise have been entitled to recover from Manufacturer Defendants, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.

12. The claims against Manufacturer Defendants in the Action are hereby dismissed with prejudice and without costs as against Manufacturer Defendants and the Released Parties.

13. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14. Members of the Manufacturer Settlement Class identified in <u>Exhibit 1</u> to this Order, which is filed under seal, have opted out of, or sought exclusion from, the Manufacturer Settlement Class by the date set by the Court, are deemed not to be Manufacturer Settlement Class Members

for purposes of this Order, do not release their claims against the Released Parties by operation of the Manufacturer Settlement Agreement, and will not obtain any benefits of the Manufacturer Settlement Agreement.

15. The Court orders that, upon the Effective Date, the Manufacturer Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Manufacturer Settlement Class Members against the Released Parties. The Court thus hereby permanently bars and enjoins the Releasing Parties, and all persons acting on behalf of, or in concert or participation with, the Releasing Parties, from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any of the Released Parties; (b) bringing or continuing a class action on behalf of Plaintiffs, Manufacturer Settlement Class Members, or any other Releasing Party, seeking to certify a class that includes Plaintiffs, Settlement Class Members, or any other Releasing Party or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims against any of the Released Parties.

16. Neither the Manufacturer Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the Settlement administration process, shall be:

(a) offered by any person or received against Manufacturer Defendants or any other Released Party as evidence, or be construed as or deemed to be evidence, of any presumption, concession, or admission by any Manufacturer Defendant or any other Released Party of the truth

of the Released Claims;

   (b) offered by any person or received against Manufacturer Defendants or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Manufacturer Defendants or any other Released Party or any other alleged wrongdoing by any Manufacturer Defendant or any other Released Party.

  17. Certification of the Manufacturer Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate. Manufacturer Defendants reserve the right to challenge class certification in any other action, or in the Action if the Manufacturer Settlement Agreement becomes null and void according to its terms. No agreements or statements made by Manufacturer Defendants in connection with the Manufacturer Settlement Agreement, or any findings or rulings by the Court in connection with the Manufacturer Settlement Agreement, may be used by Plaintiffs, Class Counsel, any person in the Manufacturer Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other proceeding of any kind against Manufacturer Defendants or any other Released Party.

  18. The Court has jurisdiction to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court expressly retains exclusive and continuing jurisdiction over the Settling Parties, including the Manufacturer Settlement Class, and all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Manufacturer Settlement Agreement and of this Final Approval Order, including, without limitation, for the purpose of:

   (a) enforcing the terms and conditions of the Manufacturer Settlement

Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Manufacturer Settlement Agreement or this Final Approval Order (including, without limitation: whether a Person is or is not a Manufacturer Settlement Class Member; whether claims or causes of action allegedly related to the Action are or are not barred or released by the Manufacturer Settlement Agreement and this Final Approval Order; and whether Persons are enjoined from pursuing any claims against Manufacturer Defendants or any other Released Party);

(b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and the Manufacturer Settlement Agreement (including, without limitation, orders enjoining Persons from pursuing any claims against Manufacturer Defendants or any other Released Party), or to ensure the fair and orderly administration of the Settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Manufacturer Settlement Agreement, the Settling Parties, and the Manufacturer Settlement Class Members.

19. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Manufacturer Settlement Agreement.

20. In the event that the Effective Date does not occur, certification of this Manufacturer Settlement Class shall be automatically vacated and this Final Approval Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2025